**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

**No. 16-4290**

UNITED STATES OF AMERICA,

         Plaintiff - Appellee,

   v.

MONTAVIUS P. DAVIS, a/k/a Scooter,

         Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Dever, III, Chief District Judge. (5:15-cr-00252-D-1)

Submitted: April 25, 2017                Decided: April 27, 2017

Before MOTZ, DUNCAN, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinoin.

Jonathan M. Milling, MILLING LAW FIRM, LLC, Columbia, South Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Montavius P. Davis pled guilty to possession with intent to distribute cocaine base, 21 U.S.C. § 841(a)(1), (b)(1)(B) (2012), and possession of firearms in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c) (2012). The district court sentenced him to 136 months' imprisonment on the cocaine base offense and a consecutive 60 months on the firearms offense. Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that, in counsel's view, there are no meritorious issues for appeal, but questioning the validity of the guilty plea and the reasonableness of the sentence imposed. Although informed of his right to file a pro se supplemental brief, Davis has declined to do so. We affirm.

We have reviewed the plea agreement and the Fed. R. Crim. P. 11 hearing, and we conclude that Davis' guilty plea was knowing and voluntary. Accordingly, we affirm Davis' conviction.

We review Davis' sentence for reasonableness, applying "a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). We must first determine whether the district court committed significant procedural error, such as incorrect calculation of the Sentencing Guidelines range, inadequate consideration of the 18 U.S.C. § 3553(a) (2012) factors, or insufficient explanation of the sentence imposed. *United States v. Dowell*, 771 F.3d 162, 170 (4th Cir. 2014). If we find no procedural error, we also examine the substantive reasonableness of the sentence under "the totality of the circumstances." *Gall*, 552 U.S. at 51. The sentence imposed must be "sufficient, but not greater than necessary," to satisfy the goals of sentencing. *See* 18 U.S.C. § 3553(a). We

presume on appeal that a within-Guidelines sentence is substantively reasonable. *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). Davis bears the burden to rebut this presumption "by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id.*

The district court properly calculated Davis' Guidelines range on the possession with intent to distribute offense as 120-150 months, heard arguments from both parties, considered the sentencing factors of 18 U.S.C. § 3553(a), and explained its rationale for the sentence it imposed. We conclude that the court adequately explained its reasons for the 136-month sentence. The district court also properly imposed a mandatory consecutive sentence of 60 months on the firearms offense. Our review of the record reveals that Davis' sentence is not unreasonable and not an abuse of discretion. *See United States v. Allen*, 491 F.3d 178, 193 (4th Cir. 2007) (applying an appellate presumption of reasonableness to a sentence imposed within a properly calculated advisory Guidelines range); *see also Rita v. United States*, 551 U.S. 338, 346-56 (2007) (upholding presumption of reasonableness for within-Guidelines sentence).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Davis' conviction and sentence. This court requires that counsel inform Davis, in writing, of his right to petition the Supreme Court of the United States for further review. If Davis requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Davis. We dispense with oral argument because the facts

3

and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*